UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT WHITE, as Independent Administrator of the Estate of JIMMIE DEAN WHITE, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 3:19-cv-1044 ) |
| KEITH TOMPKINS and TRIPLE CROWN SERVICES COMPANY, | ) ) PLAINTIFF DEMANDS ) TRIAL BY JURY ) |
| Defendants. | ) |

# COMPLAINT

## General Allegations, Jurisdiction, and Venue

COMES NOW, the Plaintiff, SCOTT WHITE, as Independent Administrator of the Estate of JIMMIE DEAN WHITE, Deceased, by and through his attorneys, THE GORI LAW FIRM, P.C., and for the General Allegations of his Complaint against the Defendants, respectfully state as follows:

1. That on or about May 27, 2019, JIMMIE DEAN WHITE died in Bond County, Illinois, and his son, SCOTT WHITE, has been duly appointed as Administrator of his Estate by the Circuit Court of Montgomery County, Illinois, and brings this action pursuant to the Illinois Survival Act and the Illinois Wrongful Death Act for the benefit of their next of kin. (See Letters of Administration, attached as Exhibit A).

2. That JIMMIE DEAN WHITE left surviving his adult son Scott White, his adult son Shane White, and his son Bentley White, a minor.

3. Defendant KEITH TOMPKINS, is an individual that, upon information and belief, resides in Inkster, Michigan, and at all times was an agent and/or employee of Defendant TRIPLE CROWN SERVICES COMPANY.

4. That Defendant TRIPLE CROWN SERVICES COMPANY is a Delaware General Partnership, with its principal place of business located in Fort Wayne, Indiana, and operates as a transportation and trucking company, DOT# 545167.

5. This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(a).

6. Complete diversity of citizenship exists between the relevant parties: Plaintiff SCOTT WHITE is a resident and citizen of Pensacola, FL; Decedent's Estate is located in Illinois; Defendant KEITH TOMPKINS, upon information and belief, is a resident and citizen of Inkster, MI; and Defendant TRIPLE CROWN SERVICES COMPANY is a Delaware general partnership with its principal place of business located in Fort Wayne, IN.

7. Venue is proper in this District under 28 U.S. Code § 1391(b)(2) because the subject truck accident occurred in Bond County, Illinois.

8. That on May 27, 2019, the Decedent JIMMIE DEAN WHITE was operating a Harley Davidson motorcycle northbound on Illinois Route 127 near the I-70 eastbound ramp at approximately 1:20pm, in Bond County, Illinois.

9. That at said time and place, Defendant KEITH TOMPKINS was a truck driver and agent and/or employee, and driving under the D.O.T. authority of Defendant TRIPLE CROWN SERVICES COMPANY, and was the driver and operator of a 2011 Freightliner semi-

tractor trailer southbound on Illinois 127 and in the process of making a left hand turn onto I-70 eastbound ramp.

10. That at all times herein, Defendant KEITH TOMPKINS was acting within the scope of his employment/agency, authority, and for the benefit and interests of Defendant TRIPLE CROWN SERVICES COMPANY.

11. That at said time and place, Defendant KEITH TOMPKINS, as agent and/or employee of Defendant TRIPLE CROWN SERVICES COMPANY, turned the 2011 Freightliner semi-tractor trailer left across the northbound lane of Illinois Route 127 directly in the path of Decedent's motorcycle and crashed the 2011 Freightliner semi-tractor trailer into and over Decedent, and ultimately causing his death on May 27, 2019.

## COUNT I
### (Negligence -Survival Act-KEITH TOMPKINS)

12. Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

13. That it was the duty of the Defendant KEITH TOMPKINS, as agent and/or employee of co-Defendant TRIPLE CROWN SERVICES COMPANY, to operate the 2011 Freightliner semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public and persons on the roadway, including the Decedent JIMMIE DEAN WHITE.

14. That at said time and place, Defendant KEITH TOMPKINS, as agent and/or employee of co-defendant TRIPLE CROWN SERVICES COMPANY, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    a.    Failed to yield when turning left in violation of section 902 of the Illinois Vehicle Code, 625 ILCS 5/11-902;

    b.    Failed to operate his vehicle in a safe and proper manner;

    c.    Failed to keep a proper lookout;

    d.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

    e.    Operated the tractor trailer without adequate training and experience;

    f.    Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

    g.    Operated his commercial motor vehicle in violation of 49 C.F.R. 392.2;

    h.    Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11, and;

    i.    Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

15.    That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations by the Defendant KEITH TOMPKINS, the decedent JIMMIE DEAN WHITE was severely injured and suffered pecuniary and personal injuries, severe and prolonged conscious pain and suffering, disability, loss of a normal life, and disfigurement; and

expenses for medical care; and JIMMIE DEAN WHITE would have been entitled to receive compensation from the Defendant for these injuries, had he survived.

WHEREFORE, the Plaintiff SCOTT WHITE, as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant KEITH TOMPKINS, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT II
### (Negligence-Wrongful Death-KEITH TOMPKINS)

16. Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

17. That the Plaintiff, SCOTT WHITE, as Administrator of the Estate of JIMMIE DEAN WHITE, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

18. That it was the duty of the Defendant KEITH TOMPKINS, as agent and/or employee of co-Defendant TRIPLE CROWN SERVICES COMPANY, to operate the 2011 Freightliner semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public and persons on the roadway, including the Decedent JIMMIE DEAN WHITE.

19. That at said time and place, Defendant KEITH TOMPKINS, as agent and/or employee of co-defendant TRIPLE CROWN SERVICES COMPANY, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    a. Failed to yield when turning left in violation of Section 902 of the Illinois Vehicle Code, 625 ILCS 5/11-902;

      b.      Failed to operate his vehicle in a safe and proper manner;

      c.      Failed to keep a proper lookout;

      d.      Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

      e.    Operated the tractor trailer without adequate training and experience;

      f.      Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

      g.      Operated his commercial motor vehicle in violation of 49 C.F.R. 392.2;

      h.      Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11, and;

      i.      Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

20.    That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, KEITH TOMPKINS, JIMMIE DEAN WHITE died.

21.    That JIMMIE DEAN WHITE'S next of kin suffered pecuniary injuries as a result of the death of JIMMIE DEAN WHITE, including lost wages and benefits, lost earning capacity, loss of services, the loss of love, affection, society, instruction, education and companionship of

JIMMIE DEAN WHITE, and grief, sorrow, and mental anguish. Further, Decedent's Estate was diminished by virtue of the medical and funeral expenses that were incurred.

WHEREFORE, the Plaintiff SCOTT WHITE as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant KEITH TOMPKINS, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

## COUNT III
### (Vicarious Liability -Survival Act- TRIPLE CROWN SERVICES COMPANY)

22. Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

23. That codefendant KEITH TOMPKINS was operating the 2011 Freightliner semi-tractor at the direction, D.O.T. authority, and control of TRIPLE CROWN SERVICES COMPANY, and within the course and scope of his employment/agency.

24. That it was the duty of the Defendant TRIPLE CROWN SERVICES COMPANY, acting by and through its agents and employees, including co-defendant KEITH TOMPKINS, to operate the 2011 Freightliner Semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public, including Decedent JIMMIE DEAN WHITE.

25. That at said time and place, Defendant TRIPLE CROWN SERVICES COMPANY, acting by and through its agents and/or employees, including co-Defendant KEITH TOMPKINS, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    a.    Failed to yield when turning left in violation of Section 902 of the Illinois Vehicle Code, 625 ILCS 5/11-902;

    b.    Failed to operate his vehicle in a safe and proper manner;

    c.    Failed to keep a proper lookout;

    d.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

    e.    Operated the tractor trailer without adequate training and experience;

    f.    Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

    g.    Operated his commercial motor vehicle in violation of 49 C.F.R. 392.2;

    h.    Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11, and;

    i.    Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

26.    That as a direct and proximate result of one or more or all of the foregoing negligent acts, omissions, or violations by the Defendant TRIPLE CROWN SERVICES COMPANY, the decedent JIMMIE DEAN WHITE was severely injured and suffered pecuniary

and personal injuries, severe and prolonged conscious pain and suffering, disability, loss of a normal life, and disfigurement; and expenses for medical care; and JIMMIE DEAN WHITE would have been entitled to receive compensation from the Defendant for these injuries, had he survived.

WHEREFORE, the Plaintiff SCOTT WHITE, as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant TRIPLE CROWN SERVICES COMPANY, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

**COUNT IV**
**(Vicarious Liability -Wrongful Death- TRIPLE CROWN SERVICES COMPANY)**

27. Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

28. That the Plaintiff, SCOTT WHITE, as Administrator of the Estate of JIMMIE DEAN WHITE, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

29. That it was the duty of the Defendant TRIPLE CROWN SERVICES COMPANY, acting by and through its agents and employees, including co-defendant KEITH TOMPKINS, to operate the 2011 Freightliner Semi-tractor in a safe and reasonable manner and to exercise a reasonable duty of care to the traveling public, including Decedent JIMMIE DEAN WHITE.

30. That at said time and place, Defendant TRIPLE CROWN SERVICES COMPANY, acting by and through its agents and/or employees, including co-Defendant KEITH

TOMPKINS, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

a. Failed to yield when turning left in violation of section 902 of the Illinois Vehicle Code, 625 ILCS 5/11-902;

b. Failed to operate his vehicle in a safe and proper manner;

c. Failed to keep a proper lookout;

d. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions at the time or which endangered the safety of persons or property in violation of Section 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601;

e. Operated the tractor trailer without adequate training and experience;

f. Operated his commercial motor vehicle while his ability or alertness is so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a motor vehicle in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 392.3;

g. Operated his commercial motor vehicle in violation of 49 C.F.R. 392.2;

h. Operated a commercial motor vehicle when he was not qualified to do so in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.11, and;

i. Operated a commercial motor vehicle when he was not medically certified and physically qualified to do so, in violation of Federal Motor Carrier Safety Regulation 49 C.F.R. 391.41.

27.     That as a direct and proximate result of one or more or all of the foregoing negligent acts of the Defendant, TRIPLE CROWN SERVICES COMPANY, JIMMIE DEAN WHITE died.

28.     That JIMMIE DEAN WHITE'S next of kin suffered pecuniary injuries as a result of the death of JIMMIE DEAN WHITE, including lost wages and benefits, lost earning capacity, loss of services, the loss of love, affection, society, instruction, education and companionship of JIMMIE DEAN WHITE, and grief, sorrow, and mental anguish. Further, Decedent's Estate was diminished by virtue of the medical and funeral expenses that were incurred.

WHEREFORE, the Plaintiff SCOTT WHITE, as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant TRIPLE CROWN SERVICES COMPANY, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

**COUNT V**
**(Willful and Wanton –Survival –TRIPLE CROWN SERVICES COMPANY)**

29.     Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

30.     That it was the duty of the Defendant, TRIPLE CROWN SERVICES COMPANY, to refrain from reckless, willful and wanton conduct in the hiring, training, supervising and retaining competent and careful drivers which would endanger the safety of the traveling public, including JIMMIE DEAN WHITE.

31.     That, Defendant TRIPLE CROWN SERVICES COMPANY willfully and wantonly committed one or more of the following acts or omissions to wit:

a. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to KEITH TOMPKINS;

b. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to KEITH TOMPKINS;

c. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to screen and test its drivers periodically to monitor and evaluate their safety orientations of its employees, including, but not limited to KEITH TOMPKINS;

d. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, KEITH TOMPKINS;

e. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, permitted, allowed, and/or failed to stop its drivers, including, but not limited to, KEITH TOMPKINS, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

f. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, KEITH TOMPKINS;

      g. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to provide remedial training of its drivers, including, but not limited to, Defendant, KEITH TOMPKINS; and

      h. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, entrusted its vehicle to KEITH TOMPKINS.

32. That as a direct and proximate result of one or more or all of the foregoing reckless, willful and wanton acts, omissions, or violations by the Defendant TRIPLE CROWN SERVICES COMPANY, the decedent JIMMIE DEAN WHITE was severely injured and suffered pecuniary and personal injuries, severe and prolonged conscious pain and suffering, disability, loss of a normal life, and disfigurement; and expenses for medical care; and JIMMIE DEAN WHITE would have been entitled to receive compensation from the Defendant for these injuries, had he survived.

WHEREFORE, the Plaintiff SCOTT WHITE, as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant TRIPLE CROWN SERVICES COMPANY, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

**COUNT VI**
**(Willful and Wanton –Wrongful Death –TRIPLE CROWN SERVICES COMPANY)**

Plaintiff realleges and restates paragraphs 1-11 of the General Allegations as if fully stated herein verbatim.

33. That the Plaintiff, SCOTT WHITE, as Administrator of the Estate of JIMMIE DEAN WHITE, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

34. That it was the duty of the Defendant, TRIPLE CROWN SERVICES COMPANY, to refrain from reckless, willful and wanton conduct in the hiring, training, supervising and retaining competent and careful drivers which would endanger the safety of the traveling public, including JIMMIE DEAN WHITE.

35. That, Defendant TRIPLE CROWN SERVICES COMPANY recklessly, willfully and wantonly committed one or more of the following acts or omissions to wit:

   a. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to KEITH TOMPKINS;

   b. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to KEITH TOMPKINS;

   c. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to screen and test its drivers periodically to monitor and evaluate their safety orientations of its employees, including, but not limited to KEITH TOMPKINS;

   d. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, KEITH TOMPKINS;

    e. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, permitted, allowed, and/or failed to stop its drivers, including, but not limited to, KEITH TOMPKINS, from violating state and federal statutes and regulations, including, but not limited to, Illinois Vehicle Code and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

    f. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, KEITH TOMPKINS;

    g. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, failed to provide remedial training of its drivers, including, but not limited to, Defendant, KEITH TOMPKINS; and

    h. With utter indifference or reckless disregard for the safety of JIMMIE DEAN WHITE, entrusted its vehicle to KEITH TOMPKINS.

36. That as a direct and proximate result of one or more or all of the foregoing reckless, willful and wanton acts of the Defendant, TRIPLE CROWN SERVICES COMPANY, JIMMIE DEAN WHITE died.

37. That JIMMIE DEAN WHITE'S next of kin suffered pecuniary injuries as a result of the death of JIMMIE DEAN WHITE, including lost wages and benefits, lost earning capacity, loss of services, the loss of love, affection, society, instruction, education and companionship of JIMMIE DEAN WHITE, and grief, sorrow, and mental anguish. Further, Decedent's Estate was diminished by virtue of the medical and funeral expenses that were incurred.

WHEREFORE, the Plaintiff SCOTT WHITE, as Independent Administrator for the Estate of JIMMIE DEAN WHITE, prays for judgment against the Defendant TRIPLE CROWN

SERVICES COMPANY, in an amount in excess of seventy-five thousand dollars ($75,000.00); costs of suit; prejudgment and post judgment interest; and all other relief this Court deems just and proper.

        Respectfully submitted,

        **THE GORI LAW FIRM. P.C.**

By:_____
        Robert P. Marcus, #6277965
        Michael Ginos #6326948
        Attorneys for Plaintiffs
        156 N. Main Street
        Edwardsville, IL  62025
        (618) 659-9833
        (618) 659-9834 (Fax)
        bmarcus@gorilaw.com